IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
KEITH L. TURNER,                      )        CV 05-521-MA
                                      )
          Plaintiff,                  )        OPINION AND ORDER
                                      )
     v.                               )
                                      )
JO ANNE B. BARNHART, Commissioner     )
of Social Security,                   )
                                      )
                                      )
Defendant.
```

    JAMES S. COON
    KIMBERLY K. TUCKER
    820 SW Second Avenue, Suite 200
    Portland, Oregon 97204

        Attorneys for Plaintiff

    Karin J. Immergut
    United States Attorney
    Craig J. Casey
    Assistance United States Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR  97204-2902

1 - OPINION AND ORDER

    Leisa A. Wolf
    Special Assistant United States Attorney
    Social Security Administration
    701 5th Avenue, Suite 2900 M/S 901
    Seattle, WA  98104-7075

        Attorneys for Defendant

MARSH, Judge:

    The matter before the court is plaintiff's unopposed motion to remand pursuant to sentence six of 42 U.S.C. § 405(g).  Doc. #13.  Plaintiff asks this court to remand this case with instructions to the Commissioner to consider an affidavit plaintiff submitted to the Social Security Administration (the Administration) on April 19, 2004.

    Plaintiff failed to appear at his hearing held on December 6, 2003.  The Administrative Law Judge (ALJ) assigned to his case determined that plaintiff was a non-essential witness, and the hearing was held in his absence.  However, the ALJ agreed to hold the record open until December 22, 2003, so plaintiff's counsel could attempt to locate him and schedule a supplemental hearing.  After this deadline passed, plaintiff made contact with his counsel on January 2, 2004, at which time counsel allegedly notified the Administration.  According to plaintiff, on January 14, 2004 the ALJ's legal assistant indicated that the ALJ would schedule a supplemental hearing.  However, on February 27, 2004 the ALJ issued an unfavorable decision denying him benefits without holding a supplemental hearing.

Plaintiff contends that in response to his counsel's further inquiries, on March 26, 2004, the ALJ's assistant again informed him that the ALJ would reopen the record and either amend his decision or hold a supplemental hearing upon receipt of plaintiff's affidavit. Plaintiff submits his own letters and e-mails to the Social Security Administration as evidence of promises made by them.

To justify a remand plaintiff must show that the information in his affidavit is material to determining whether he has a disability, and that he had good cause for failing to produce that evidence earlier. See 42 U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). To demonstrate that the affidavit is material, plaintiff must show that it bears "directly and substantially on the matter in dispute," and that is has a "reasonable possibility" of changing the outcome of the proceedings. Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982).

To demonstrate good cause, plaintiff must show that the new evidence was unavailable earlier. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied"); see also Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 512

(9th Cir. 1987) (holding that the applicant lacked good cause to remand for consideration of two psychological examinations prepared after the applicant's disability determination when his attorney knew of the applicant's memory loss but failed to explain why the applicant had not requested a mental evaluation or pressed his mental impairment claim at the hearing before the ALJ).

Here, plaintiff argues his affidavit is material because it "comprises the only hearing-level testimony [by him]." He further contends that "the ALJ's failure to incorporate the affidavit into the record together with his documented knowledge of plaintiff's intention to submit the affidavit and the actual timely submission of the affidavit constitutes good cause for the failure to previously incorporate the affidavit into the record."

With respect to materiality, plaintiff fails to address how the information in his affidavit has a reasonable possibility of changing the outcome of his case, particularly where the ALJ found him to be a nonessential witness at the hearing. Moreover, plaintiff misconstrues the good cause showing by attempting to shift the blame to the ALJ for failing to incorporate his affidavit into the record. Plaintiff had to show good cause for failing to testify at the hearing on December 6, 2003, not for failing to succeed at having his affidavit incorporated into the record. Clearly, if he had testified at the hearing there would

4 - OPINION AND ORDER

be no issue with an affidavit. The absence of any explanation -- in his memo or in the affidavit itself-- why he could not provide his testimony on December 6, 2003, as scheduled, falls well short of the good cause showing.

In sum, plaintiff has failed to show either materiality or good cause to excuse his failure to provide his testimony to the Social Security Administration during the pendency of his case.

## CONCLUSION

Based on the foregoing, plaintiff's motion for remand (Doc. #13) is DENIED.

IT IS SO ORDERED.

DATED this _9_ day of May, 2006.

       /s/   Malcolm F. Marsh
      Malcolm F. Marsh
      United States District Judge